**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD DENT, an individual, STEVE FULLER, an individual, WILLIE GAULT, an individual, JIM MCMAHON, an individual, MIKE RICHARDSON, an individual, and OTIS WILSON, an individual, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | |
| RENAISSANCE MARKETING CORPORATION, an Illinois corporation, and JULIA MEYER, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL**

TO:  Clerk of the United States District Court for the Northern District of Illinois

PLEASE TAKE NOTICE that defendant Julia Meyer ("Meyer"), by and through her undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454, hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, in which it is pending, to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of this Notice Of Removal ("Notice"), Meyer states the following:

**Background**

1.      Plaintiffs commenced this action by filing a complaint on January 31, 2014, in the Circuit Court of Cook County, Illinois, with the caption *Richard Dent, et al. v. Renaissance Marketing Corporation, et al.*, Case No. 2014 L 1003 (the "State Court Action").

2.     The State Court Action complaint ("*Complaint*") was filed by six members of the 1985 Chicago Bears football team in connection with the song and music video commonly known as the Super Bowl Shuffle.  *Complaint*, ¶¶ 4 – 9 and 13.

3.     The *Complaint* purports to allege claims for constructive trust, declaratory judgment and injunctive relief, conversion, unjust enrichment and accounting.  *Complaint*, ¶¶ 1 and 35-66.  The *Complaint* seeks to adjudicate issues involving events covering the years going back to 1986. *E.g., id.*, ¶ 36.d.

4.     On April 21, 2014, Meyer was served with the *Complaint* and summons emanating from the State Court Action.  A true and accurate copy of the *Complaint* and summons specifically served on Meyer is attached hereto as **Exhibit A**.  Defendant Renaissance Marketing was previously served with the *Complaint*.  A true and accurate copy of all orders entered in the State Court Action is attached as **Exhibit B**.

## <u>Jurisdiction Is Proper In Federal Court</u>

5.     Jurisdiction is proper in the United States District Court for the Northern District of Illinois.

6.     With respect to federal question jurisdiction, the Supreme Court stated:

Federal courts, though 'courts of limited jurisdiction,' in the main 'have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given.' Congress granted federal courts general federal-question jurisdiction in 1875.  See Act of Mar. 3, 1875, § 1, 18 Stat. 470.  As now codified, the law provides: 'The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331.

*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012) (decisional authority omitted).  More particularly, with respect to copyrights, Congress enacted statutes

designed to ensure that copyright claims, and purported state law claims in the same orbit as copyright claims, were adjudicated only in federal court.

7. Congress explicitly set forth a preemption clause in the Copyright Act of 1976 ("Copyright Act"), which provides, in relevant part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 … are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). In § 301(a), Congress did not choose to allow claims for relief under the Copyright Act to be brought in federal or state court. Instead, Congress took the additional measure of explicitly barring claims for relief under the Copyright Act from state court. *Id.*

8. In 28 U.S.C. § 1338, Congress stated, in relevant part:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights…. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to … copyrights.

28 U.S.C. § 1338(a). Congress not only provided federal jurisdiction over claims relating to copyrights, it again took the additional measure of explicitly making federal jurisdiction exclusive by barring state courts from hearing copyright claims or any "claims for relief … *relating to* … copyrights." 28 U.S.C. § 1338(a) (emphasis supplied).

9. Relevant to the case *sub judice*, the Copyright Act is the exclusive law governing claims involving copyright subject matter (§§ 101 – 105), exclusive rights conferred on copyright owners (§ 106), ownership of copyrights (§§ 201 – 202), transfer and recording of copyrights (§§ 203 – 205), infringement of copyrights (§ 501), remedies for infringement (§§ 502 – 505), and statute of limitations for copyright claims (§ 507).

### Venue Is Proper In This District

10.     Venue is proper in the United States District Court for the Northern District of Illinois.

11.     This District embraces the place, *i.e.*, the Cook County, where the State Court Action is pending. 28 U.S.C. §§ 93(a)(1), 1454, and 1441(a).

12.     This District is where Meyer resides and where a substantial part of events giving rise to the purported claims occurred. 28 U.S.C. § 1400 and 1391(b)(1) and (2); *Declaration of Julia Meyer* ("*Meyer Dec.*"), ¶ 4, **Exhibit C** hereto; *Complaint*, ¶¶ 10 – 13 and 17.

### Grounds For Removal

13.     With respect to removal, § 1441(a) states, in relevant part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14.     Section 1446(a) states, in relevant part, "A defendant … desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

15.     More recently, Congress enacted a removal statute specifically addressing, *inter alia*, copyrights:  "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to … copyrights may be removed to the district court of the United

4

States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454 (effective September 16, 2011).

16.     Removal is proper based on two grounds.

## I.     Removal Is Proper Under "Complete Preemption."

17.     There is "complete preemption" under the Copyright Act. "Complete preemption" makes removal proper due to original jurisdiction under the Copyright Act and its preemptive effect on any state law claims in the *Complaint*. 28 U.S.C. §§ 1338 and 1454; 17 U.S.C. § 301(a); *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). "Complete preemption" results in the displacement of any state law claims and re-characterizes them as a federal copyright claim. *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009); *e.g.*, *Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005).

18.     The Courts of Appeal for the Second, Fourth, Fifth, and Sixth Circuits have found "complete preemption" under the Copyright Act. *See GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) ("We hold that Section 301(a) of the Copyright Act completely preempts the substantive field."); *Ritchie*, 395 F.3d at 286–87 (same); *Briarpatch Ltd., L.P., v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304–05 (2d Cir.2004) (same); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 232–33 (4th Cir.1993) (same). The Seventh Circuit has not ruled on "complete preemption" under the Copyright Act.

19.     Federal interest in regulation of the entire copyright field runs wide and deep. "The Copyright Act is unusually broad in its assertion of federal authority." *Ritchie*, 395 F.3d at 286. As mentioned, Congress enacted an original jurisdiction statute – separate from the general original jurisdiction statute – expressly addressing copyright claims. *See* 28 U.S.C. § 1338. Congress created an explicit preemption clause in the Copyright Act. *See* 17 U.S.C. § 301(a).

Going further, Congress enacted a removal statute, separate from the general removal statute, expressly providing for the removal of copyright claims to federal court. *See* 28 U.S.C. § 1454.

20.     The keystones of the federal statutes completely preempting the field are exclusive causes of action for violations of the statute and procedures and remedies in connection with those causes of action. *Beneficial Nat'l Bank*, 539 U.S. at 8 (holding that removal was proper for state law claims due to "complete preemption" under the National Bank Act). In finding the Copyright Act analogous in this regard to the National Bank Act, the Second Circuit held that the Copyright Act contained those keystones. *Briarpatch*, 373 F.3d at 305. *Briarpatch* found that the Copyright Act substitutes an exclusive federal remedy for state laws, sets forth elements of a copyright claim, provides procedural provisions such as a statute of limitations, and provides remedies for violations. *Id.* (citing the Copyright Act, 17 U.S.C. §§ 501-513 and subsequently citing § 301). *Briarpatch* applied the "complete preemption" doctrine to state law unjust enrichment and declaratory action claims and held them to be preempted. *Id.* at 306-07. *Briarpatch* went on to hold that remand was properly rejected because at least one state law claim was preempted under the "complete preemption" doctrine. *Id.* at 307-08 ("the existence of one preempted claim could provide supplemental jurisdiction for hearing others").

21.     The *Complaint* seeks to extinguish Defendants' rights in the Shuffle, including but not limited to Meyer's alleged ownership of the Shuffle copyrights. *Complaint*, ¶ 43, p. 10 (prayer for relief clause). This necessarily invokes clauses embedded in the Copyright Act regarding the work-for-hire doctrine, copyright ownership, and copyright transfer. *See* 17 U.S.C. §§ 101, 201(a), 201(b), 201(d), and 204.

22.     The strand of the "artful pleading doctrine" that exists in connection with "complete preemption" applies to the case at bar. *See Rivet v. Regions Bank of Louisiana*, 522

U.S. 470, 475 (1998) ("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has artfully pleaded claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." (internal citations and quotations omitted)); *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) ("As it has been held, the plaintiff cannot abrogate the defendant's right of removal by artful pleading." (internal quotations omitted)).

23.     The *Complaint* artfully attempts to plead state law claims in an effort to avoid pleading a copyright claim and federal questions arising under the Copyright Act. The *Complaint* steadfastly avoids the terminology of a copyright infringement claim in an attempt to disguise the federal nature of the claims. The details of the *Complaint's* artful pleading are set forth in detail at pages 16 to 19, *infra*, and are incorporated here by reference.

24.     Each claim in the *Complaint* is removable under "complete preemption." This analysis involves two prongs. The first is the subject matter prong, and the second is the equivalence prong. *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011); *GlobeRanger Corp.*, 691 F.3d at 706; *e.g., Vaughn v. Kelly*, No. 06 C 6427, 2007 WL 804694, *2 (N.D. Ill. Mar. 13, 2007). Under subject matter prong, "the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102." *Seng-Tiong Ho*, 648 F.3d at 500 (internal quotations omitted). Under the equivalence prong, "the right must be equivalent to any of the rights specified in § 106." *Id.* (internal quotations omitted).

## A.      The Subject Matter Prong Is Satisfied.

25.      The Shuffle song and music video are "works" as set forth under the Copyright Act.  17 U.S.C. §§ 101 and 102.   Under the Copyright Act, "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration."  17 U.S.C. § 101.  As a result, "[s]ound recordings and musical, choreographic, and audiovisual works are all expressly within the ambit of the Copyright Act."   *Vaughn*, 2007 WL 804694 at *3.  The Shuffle satisfies the subject matter prong.  *See, e.g., Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 675 (7th Cir. 1986); *Glovaroma, Inc. v. Maljack Prods., Inc.*, No. 96 C 3985, 1998 WL 102742, *6 (N.D. Ill. Feb. 26, 1998).


## B.      The Equivalence Prong Is Satisfied.

26.      For each of the claims in the *Complaint*, the equivalence prong is satisfied.  The *Complaint* alleges five claims: constructive trust, declaratory judgment and injunctive relief, conversion, unjust enrichment and accounting.

27.      For the equivalence prong, the rights under a state law claim need only be equivalent to any one of the rights set forth in § 106.  *Seng-Tiong Ho*, 648 F.3d at 500.

28.      As relevant to the instant case, § 106 provides:

[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords … (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership …; (4) in the case of [] musical, … and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of [] musical, …, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work

publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. With respect to § 106, *Seng-Tiong Ho* stated:

> We summarized the rights of a copyright owner, detailed in § 106 of the Copyright Act, to be reproduction, adaptation, publication, performance, and display of the copyrighted work. A well-respected treatise has elaborated on this concept along the same lines, noting that equivalent rights exist if under state law the act of reproduction, performance, distribution, or display, no matter whether the law includes all such acts or only some, will in itself infringe the state-created right. [T]o avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law—i.e., conduct other than reproduction, adaptation, publication, performance, and display.

*Seng-Tiong Ho*, 648 F.3d at 501 (internal quotations and citations omitted; italics in the original).

29.     For all of the claims in the *Complaint*, recovery is premised on multiple rights accorded to copyright owners under § 106. The *Complaint* seeks to recover based on allegations that the Shuffle was "distributed" and "sold." *Complaint*, ¶¶ 24, 36.d, 51.d, 55.d, and 60. The distribution and sale of the Shuffle involves the reproduction, publication, performance and display of the Shuffle.

30.     Similarly, the *Complaint* alleges the "use" and "utilizing" of the Shuffle containing Plaintiffs' images and voices, which also involves reproduction, publication, performance, and display rights.[1] *See id.*, ¶¶ 26 (a paragraph incorporated by reference in all counts), 36.f, 44, 47.d, 49, 51.f, 55.f, 62, 66, and prayer for relief clauses on pp. 10, 12, and 18. The *Complaint* alleges the "sale" and "licensing" of the Shuffle. *Id.*, ¶¶ 28 (incorporated by reference in all counts), 36.h, 51.h, 55.h, and 64. The sale and licensing of a copyrighted work is a right reserved to the copyright owner. 17 U.S.C. § 106.

---

[1] Throughout this Notice, the phrase "images and voices" will be used to denote the *Complaint's* references to Plaintiffs' identities, images, names, photographs, likenesses, voices and performances.

### 1.     The Conversion Claim is Equivalent to a Copyright Claim.

31.     For a conversion claim, the plaintiff must show "that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008).  The conversion claim satisfies the equivalence prong.

32.     In *Seng-Tiong Ho*, the Seventh Circuit found that a conversion claim satisfied the equivalence prong and held that the claim was preempted.  *Seng-Tiong Ho*, 648 F.3d at 501-02. The case involved alleged wrongful use of an atomic model.  In reaching its holding, the court stated:

> The complaint, with respect to conversion, states that the 'Defendants *misappropriated* the works by *publishing* said works and texts ... and Defendants passed off said works and text as their own without giving credit to Plaintiffs.' In their response to the summary judgment motion, the plaintiffs elaborate that '[b]y passing off the works as their own in numerous scientific publications, Defendants wrongfully and without authorization assumed control over them, which is actionable conversion.' The conversion claim, then, is focused on the defendants' unauthorized publishing, not possession, of the protected work. Because publishing is a right under the Copyright Act, the conversion claim is preempted.

*Id.* (emphasis by the Seventh Circuit).

33.     Similar to *Seng-Tiong Ho*, Plaintiffs seek to recover from Defendants for the alleged misappropriation of their images and voices in the Shuffle. *Complaint*, ¶¶ 36 ("misappropriated") and 51 (same).  The conversion count in the *Complaint* seeks to recover for the distribution and sale of the Shuffle.  *Id.*, ¶¶ 24, 36.d, 50 (incorporating prior paragraphs), 51.d, and 55.d.  It seeks to recover for copying of the Shuffle, which directly overlaps with the rights under § 106 to reproduce, publish, perform and display the Shuffle.  *See id.*, ¶¶ 26, 36.f,

44, 47.d, 49, 51.f, and 55.f, and prayer for relief clause on p. 12 (all of these paragraphs containing either "use" or "utilizing" of Plaintiffs' images and voices in the Shuffle).

34.     Courts have held that a conversion claim satisfies the equivalence prong.  *E.g., Pritikin v. Liberation Publications, Inc.*, 83 F. Supp. 2d 920, 922-23 (N.D. Ill. 1999).  Courts have also held that claims based on the misappropriation of images and voices are preempted. *E.g., Baltimore Orioles, Inc.*, 805 F.2d at 677-78; *Glovaroma, Inc.*, 1998 WL 102742 at *6; *Laws v. Sony Music Entertainment*, 448 F.3d 1134, 1144 (9th Cir. 2006).

**2.     The Unjust Enrichment Claim Is Equivalent to a Copyright Claim.**

35.     An unjust enrichment claim is stated where: "the defendant unjustly retained a benefit to the plaintiff's detriment, and the defendant's retention violated the fundamental principles of justice, equity, and good conscience."  *Galvan v. Northwestern Mem'l Hosp.*, 888 N.E.2d 529, 541 (Ill. App. Ct. 2008).  The unjust enrichment claim satisfies the equivalence prong.

36.     The court in *Briarpatch* held that an unjust enrichment claim was preempted by the Copyright Act:

> Given this two-pronged test, we are satisfied that plaintiffs' unjust enrichment claim against Phoenix is preempted by the Copyright Act. … Plaintiffs seek to protect their alleged interests in 'The Thin Red Line' under the theory that Phoenix was unjustly enriched by turning Jones' novel and Malick's screenplay into a motion picture without compensating Briarpatch or obtaining Briarpatch's permission. …
>
> The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.  Under plaintiffs' theory of the case, the act that allegedly satisfies the second and third elements of unjust enrichment is the act of turning Jones' novel and Malick's screenplay into a motion picture. This act would, in and of itself, infringe the adaptation rights protected by § 106(2) (assuming these rights belong to plaintiffs).

11

> To satisfy the first element of unjust enrichment, plaintiffs also allege that Phoenix was enriched by its act. While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim. Like the elements of awareness or intent, the enrichment element here limits the scope of the claim but leaves its fundamental nature unaltered. 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1][g] (2003) ('[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an "equivalent right" and hence, pre-empted insofar as it applies to copyright subject matter.').

373 F.3d at 306-07 (decisional authority omitted).

37.     Similar to *Briarpatch*, Plaintiffs seek to use an unjust enrichment claim to recover for the alleged distribution and sale of the Shuffle which allegedly benefitted Defendants at Plaintiffs' expense. *Complaint*, ¶¶ 24, 36.d, 51.d, 54 (incorporating prior paragraphs), and 55.d. These are rights under § 106 to reproduce, publish, perform and display the Shuffle.

38.     Courts have regularly held that unjust enrichment claims are equivalent to Copyright Act claims for purposes of preemption. *E.g., Evan Law Group, LLC v. Taylor*, No. 09 C 4896, 2010 WL 5135904, *7 (N.D. Ill. Dec. 9, 2010); *Heriot v. Byrne*, No. 08 C 2272, 2008 WL 5397496, *4 (N.D. Ill. Dec. 23, 2008).

### 3.     The Constructive Trust Claim Is Equivalent to a Copyright Claim.

39.     Under Illinois law, "A constructive trust is an equitable remedy imposed by a court to prevent the unjust enrichment of a party through actual fraud or breach of a fiduciary relationship." *In re Liquidation of Sec. Cas. Co.*, 537 N.E.2d 775, 781-82 (Ill. 1989). The constructive trust claim satisfies the equivalence prong.

40.     The constructive trust claim satisfies the equivalence prong for the same reasons stated above with respect to an unjust enrichment claim. Given the overlap between the two claims, this makes sense. It makes further sense in light of the fact that the *Complaint* relies on

many of the same allegations for both claims (as it does for essentially all of the claims), so they similarly satisfy the equivalence prong. *Defined Space, Inc. v. Lakeshore E., LLC*, 797 F. Supp. 2d 896, 903 (N.D. Ill. 2011).

41.     The constructive trust count in the *Complaint* alleges that Defendants "misappropriated" their rights in the Shuffle copyrights. *Complaint*, ¶ 36.  The constructive trust count in the *Complaint* alleges that the Shuffle was "distributed" and "sold." *Id.*, ¶¶ 24, 35 (incorporating prior paragraphs), and 36.d.  These allegations implicate multiple rights under § 106 and satisfy the equivalence prong.

42.     Courts routinely find that constructive trust claims satisfy the equivalence prong and are preempted by the Copyright Act.  *E.g., Hobbs v. John*, No. 12 C 3117, 2012 WL 5342321, *8 (N.D. Ill. Oct. 29, 2012) *aff'd on other grounds*, 722 F.3d 1089 (7th Cir. 2013); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 946 F. Supp. 420, 422 (M.D.N.C. 1996) *aff'd*, 116 F.3d 472 (4th Cir. 1997); *WJ Global LLC v. Farrell*, 941 F. Supp. 2d 688, 693 (E.D.N.C. 2013).

## 4.      The Accounting Claim is Equivalent to a Copyright Claim.

43.     Plaintiffs seek an accounting of proceeds from sale, license, distribution, use and utilization of the Shuffle.  *Complaint*, ¶¶ 59 (incorporating prior paragraphs), 60 ("distributed" and "sold"), 62 ("use"), 64 ("sales" and "licensing"), and 66 ("utilized").  The accounting claim satisfies the equivalence prong.

44.     As with the other claims, the accounting claim seeks to recover based on the same rights of reproduction, adaptation, publication, performance, and display found in § 106.  Courts have held that accounting claims satisfy the equivalence prong.  *E.g. Heriot*, 2008 WL 5397496 at *3; *Hobbs*, 2012 WL 5342321 at *8.

**5.     The Declaratory Judgment Claims are Equivalent to a Copyright Claim.**

45.     Under Illinois law, "[t]he essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Beahringer v. Page*, 789 N.E.2d 1216, 1223 (Ill. 2003).   The declaratory judgment counts satisfy the equivalence prong.

46.     In the declaratory judgment counts, the *Complaint* seeks to "extinguish" Defendants' interests in the Shuffle.  *Complaint*, ¶¶ 43, 45 (incorporating prior paragraphs), and p. 10 (prayer for relief clause: "extinguish any rights Defendants purport to have in the Super Bowl Shuffle"). The *Complaint* seeks to enjoin Defendants from "utilizing" or "benefiting from" the Shuffle containing Plaintiffs' images and voices.   *Id.*, ¶¶ 44, 45 (incorporating prior paragraphs), 49 and pp. 10 and 12 (prayer for relief clauses).   The *Complaint* seeks to have Plaintiffs declared the owners of their images and voices incorporated in the Shuffle Copyrights. *Id.*, ¶¶ 47, 48 and pp. 11-12 (prayer for relief clause).

47.     By virtue of the relief sought in the declaratory counts, the *Complaint* seeks to control the sale, licensing, distribution, reproduction, publishing, performance and display of the Shuffle.  These are rights embodied in, or equivalent to, rights in § 106.

48.     In an analogous context, the *Briarpatch* court held that a declaratory judgment claim satisfied the equivalency prong:

> We are also satisfied that plaintiffs' declaratory judgment claim against Phoenix is preempted. The analysis here is even more straightforward, since that cause of action simply seeks a declaration that Phoenix has no rights in "The Thin Red Line" project. As discussed above, this project fits within the broad subject matter categories protected by the Copyright Act. Further, plaintiffs' theory appears to be that Briarpatch owned the rights to turn the novel and the screenplay into a motion

14

picture, and Phoenix never lawfully acquired these rights. In other words the claim focuses solely on the adaptation rights protected under § 106(2).

*Briarpatch*, 373 F.3d at 307.

49.     Other courts have similarly held that declaratory actions satisfy the equivalency prong. *E.g., Carson Real Estate Companies v. CoStar Group Inc.*, No. 10-CV-13966, 2011 WL 4360021, *5 (E.D. Mich. June 30, 2011) *report and recommendation adopted sub nom.*, 2011 WL 4360017 (E.D. Mich. Sept. 19, 2011).

50.     Courts have similarly held that injunctive relief seeking to prevent the copying and distribution of a copyrighted product is preempted. *E.g., Ritchie*, 395 F.3d at 289; *WJ Global LLC*, 941 F. Supp. 2d at 694; *Mist-On Sys., Inc. v. Gilley's European Tan Spa*, 303 F. Supp. 2d 974, 980 (W.D. Wis. 2002).

## II.     Removal Is Proper Under The "Artful Pleading Doctrine."

51.     Section 301(a) of the Copyright Act provides for federal court jurisdiction over claims involving any rights that are equivalent to rights under the Copyright Act.  17 U.S.C. § 301(a).  Section 1338(a) requires federal original jurisdiction over any claims arising under the Copyright Act.  Section 1454 allows a defendant to remove those claims arising under the Copyright Act.  28 U.S.C. § 1454(a).

52.     Under the "artful pleading doctrine," a plaintiff "may not avoid removal to federal court by omitting necessary federal questions from their complaints through artful pleading." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013), as amended (Apr. 29, 2013); *e.g., Vaughn*, 2007 WL 804694 at *2.  "[A] "plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to

any federal law when the plaintiff's claim is necessarily federal." *Northeastern Rural Elec. Membership Corp.*, 707 F.3d at 890 (internal quotations omitted).

53.     The *Complaint* omits multiple federal copyright questions in an effort to disguise them as state law claims. Without referencing any copyright law (which is only federal) and without using any copyright terminology, the *Complaint* seeks to adjudicate copyright ownership, copyright transfer, copyright work-for-hire doctrine, copyright infringement and copyright damages.

54.     The Shuffle is a song and music video. *Complaint*, ¶¶ 12-13. The Shuffle is a "work" as set forth under the Copyright Act. 17 U.S.C. §§ 101 and 102. Under federal law, "[s]ound recordings and musical, choreographic, and audiovisual works are all expressly within the ambit of the Copyright Act." *Vaughn*, 2007 WL 804694 at *3 (*citing* 17 U.S.C. § 102(a)). The Shuffle is copyrighted, and the copyrights registrations are publicly available through the United States Copyright Office. *See Assignment*, Exhibit B to the *Complaint*; U.S. Copyright Office, www.copyright.gov/records/ (*e.g.*, Registration Numbers PA 290856, SR 77602, VA 212592, and PAu 793097).

55.     The *Complaint* seeks to recover for the use of the Plaintiffs' images and voices their performance in the copyrighted Shuffle without mentioning by name (1) copyrights, (2) the federal work-for-hire doctrine; (3) the provisions in the Copyright Act; or (4) infringement. Without overtly stating a copyright claim or referencing federal copyright law, the *Complaint* seeks to establish ownership of rights subsumed in the Shuffle copyrights by transferring those rights to Plaintiffs and seeks to recover for use of those copyrights.

56.     The *Complaint* repeatedly states that it is seeking relief based on the copyrighted Shuffle, though it artfully does not use the term "copyrighted." The *Complaint* uses the term

"Super Bowl Shuffle" 26 times in the background paragraphs that are incorporated into each of the counts to refer to the copyrighted Shuffle. *Complaint*, ¶¶ 4-31. The constructive trust count uses the term "Super Bowl Shuffle" 11 times, which is in addition to the incorporated background paragraphs. *Id.*, ¶¶ 35-39. The declaratory judgment counts uses the term "Super Bowl Shuffle" 12 times. Id., ¶¶ 40-49. The conversion count uses the term "Super Bowl Shuffle" 13 times. *Id.*, ¶¶ 50-53. The unjust enrichment count uses the term "Super Bowl Shuffle 10 times. *Id.*, ¶¶ 54-58. The accounting count uses the term "Super Bowl Shuffle" eight times. *Id.*, ¶¶ 59-66.

57.     The *Complaint* specifically refers to the Shuffle copyrights without actually using the word "copyright." Instead, the *Complaint* refers to the Shuffle copyrights as "interest" and "rights" in the Shuffle. *Id.*, ¶¶ 11, 18, 19, 21, 23, 36.a, 36.c, 42.a, 42.c, 47.a, 47.c, 51.a, 51.c, 55.a, and 55.c.

58.     The *Complaint* alleges that Meyer owns the Shuffle copyrights. *Id.*, ¶ 11. The *Complaint* seeks to have Meyer's alleged ownership and the other defendant's interests in the Shuffle "extinguish[ed]." *Id.*, ¶ 43 and p. 10 (prayer for relief clause). In essence, the *Complaint* seeks a declaratory judgment regarding ownership of the Shuffle copyrights and the transfer to them of rights subsumed in those copyrights. *Id.*

59.     The issue of ownership of the Shuffle copyrights necessarily subsumes the issue regarding the rights involving the images and voices in the performances in the Shuffle. *Baltimore Orioles, Inc.*, 805 F.2d at 675; *Laws*, 448 F.3d at 1136. The ownership issue is a predicate for any claim for relief for infringement.

60.     The *Complaint* avoids referencing the Copyright Act's work-for-hire doctrine that established ownership rights regarding the Shuffle copyrights and regarding the images and

voices therein. 17 U.S.C. §§ 101 and 201(b). The 1985 contract explicitly stated in two separate clauses that the Plaintiffs were working on a "work made for hire" basis. *See Royalty Agreement*, ¶¶ 2 and 12, Exhibit A to the *Complaint*.

61.    Without mentioning the Copyright Act, the *Complaint* seeks to litigate copyright ownership and transfer, which are issues specifically governed by the Copyright Act as it relates to this case. 17 U.S.C. § 201(a) and (d) and 204. The Shuffle copyrights cannot be transferred without reference to the Copyright's provisions regarding transfer. Additionally, the *Complaint* makes 18 references to the 1986 assignment of the Shuffle copyrights ("*Assignment*"). *Complaint*, ¶¶ 11, 18, 21, 22, 31, 36.b, 36.k, 42, 42.b, 43, 44, 47.b, 47.f, 51.b, 51.k, 55.b, 55.k, and p. 10 (prayer for relief). The *Assignment* pertained *only* to the Shuffle copyrights – no other rights of any kind were assigned. The *Complaint* goes out of its way to avoid mentioning that the *Assignment* is in fact an "assignment of copyrights."

62.    The *Complaint* seeks relief based on the same type of activity and rights reserved to copyright owners. See 17 U.S.C. § 106 (referencing, *inter alia*, rights of distribution, sale and performance).

63.    It alleges the distribution and sale of the Shuffle. *Complaint*, ¶¶ 24 ("distributed" and "sold"), 36.d (same), 51.d (same), 55.d (same), and 60 (same). It alleges the "sale" and "licensing" of the Shuffle. *Id.*, ¶¶ 28 (incorporated by reference in all counts), 36.h, 51.h, 55.h, and 64. It alleges the "use" and "utilizing" of the Shuffle. *Id.*, ¶¶ 26, 36.f, 44, 47.d, 49, 51.f, 55.f, 62, 66, and prayer for relief clauses on pp. 10, 12, and 18.

64.    The *Complaint* seeks relief for the Defendants' alleged wrongful use of the Shuffle without using the word "infringement." Instead of using the word "infringement," the *Complaint* alleges that Defendants "misappropriated" their rights in the Shuffle copyrights. *Id.*,

¶¶ 36 and 51. The *Complaint* uses the term "derived" or the phrase "improperly derived" to indicate benefiting from infringement. *Id.*, ¶¶ 27, 29, 34, 36.g, 36.i, 51.g, 51.i, 55.g, 55.i, 63, 65, and p. 8 (prayer for relief).

65. The *Complaint* seeks damages and injunctive relief of the exact same nature provided under the Copyright Act. 17 U.S.C. §§ 502 (injunctions) and 504 (damages). The *Complaint* seeks damages and injunctive relief. *Complaint*, ¶¶ 1 ("damages" and "injunctive relief"), 44, 49, and pp. 8, 14, and 16 (prayers for relief).

66. In light of the foregoing, the *Complaint* artfully attempts to avoid setting forth at least two federal questions. The first federal question being a claim for ownership of rights subsumed in the Shuffle copyrights, and the second being a claim to recover damages for infringement. *See Gaiman v. McFarlane*, 360 F.3d 644, 652 (7th Cir. 2004) (copyright ownership); *Clarke v. Gregory*, No. 09 C 7948, 2010 WL 2977148, *1 (N.D. Ill. July 26, 2010) (same); *Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006) (same); *Vaughn*, 2007 WL 804694 at *4 (copyright infringement).

67. Accordingly, removal is proper under the "artful pleading doctrine."

\* \* \* \* \*

68. Alternatively, in the event that this District has federal question jurisdiction over some, but not all, of the claims in the *Complaint*, then this District has supplemental jurisdiction over the non-federal question claims. 28 U.S.C. § 1367.

69. Meyer was first served with the summons and complaint in the State Court Action on April 21, 2014. *Meyer Dec.*, ¶ 3, **Exhibit C**. Based on that service, this Notice is timely filed within the 30-day period allowed by law for the removal. 28 U.S.C. § 1446(b)(2)(B). In the alternative, even if this Notice was not timely under that portion of the removal statute,

Meyer is entitled to an extension of time through the date the Notice was filed on the basis of "cause shown." 28 U.S.C. § 1454(b)(2). This standard is a lower hurdle than "good" cause. Meyer was out of the United States when the State Court Action was filed and for a period of time afterwards. *Meyer Dec.*, ¶ 5, **Exhibit C**. This alone constitutes "cause shown." Additionally, the *Complaint* went to great lengths to conceal the copyright nature of the claims, and the jurisdictional issues regarding copyright preemption are complex. *See, e.g.*, *Wallenfang v. Havel*, 707 F. Supp. 2d 800, 806 (E.D. Wis. 2010). The *Complaint* attempts to allege six claims, each of which required preemption analysis. This also constitutes "cause shown."

70.     Pursuant to 28 U.S.C. § 1446(b)(2)(A) and (C), defendant Renaissance Marketing Corporation ("Renaissance") joins in, and consents to, the removal provided by this Notice. *Consent To Removal*, attached hereto as **Exhibit D.**

71.     Meyer has not been served with any documents in the State Court Action other than the *Complaint* and summons attached hereto. Hence, Meyer has satisfied 28 U.S.C. § 1446(a) by attaching those two documents to this Notice.

72.     The undersigned counsel certifies that a copy of this Notice will promptly be served on counsel for Plaintiffs. *See* 28 U.S.C. § 1446(d). The undersigned counsel also certifies that a copy of this Notice will promptly be filed with the Clerk of Court for the Circuit Court of Cook County. *See id.* Further, this Notice is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

73.     In filing this Notice, Meyer does not waive any defenses to any of Plaintiffs' purported claims that may be available, including but not limited to statutes of limitation, laches, failure to state claims upon which relief can be granted, and standing.

**WHEREFORE,** Meyer hereby removes the State Court Action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 25, 2014

<div style="margin-left:40%">

Respectfully submitted,
Julia Meyer, Defendant,

_____
Julia Meyer

_____
Karl Leinberger, one of her attorneys

</div>

Karl Leinberger (Ill. Atty. No. 6237537)
Markoff Leinberger LLC
134 N. LaSalle Street, Suite 1050
Chicago, IL 60602
Phone: 312.726.4162
karl@markleinlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Julia Meyer certifies that he caused a copy of the foregoing *Notice Of Removal* to be served via U.S. Mail, postage prepaid, and via messenger delivery from his office at 134 N. LaSalle Street, Suite 1050, Chicago, Illinois 60602 on the counsel below on April 25, 2014, before 5 p.m.:

Walid J. Tamari
Christopher T. Considine
Tamari Law Group, LLC
55 W. Monroe St., Suite 2370
Chicago, IL 60603

_____
Karl Leinberger