**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD DENT, an individual, | ) | |
| STEVE FULLER, an individual, | ) | |
| WILLIE GAULT, an individual, | ) | |
| JIM MCMAHON, an individual, | ) | |
| MIKE RICHARDSON, an individual, and | ) | |
| OTIS WILSON, an individual, | ) | |
| Plaintiffs, | ) | Case No. 14 C 2999 |
| v. | ) | |
| | ) | The Honorable Edmond E. Chang |
| | ) | |
| RENAISSANCE MARKETING | ) | |
| CORPORATION, an Illinois corporation, | ) | |
| and JULIA MEYER, an Individual, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO REMAND**
**FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §**
**1447(C)**

The Plaintiffs, Richard Dent, Steve Fuller, Willie Gault, Jim McMahon, Mike Richardson

and Otis Wilson (hereinafter collectively referred to as "Plaintiffs" or "Shufflin' Crew"), by and

through their attorneys, Tamari Law Group, LLC, and for their Memorandum in support of their

Second Motion to Remand this matter to the Circuit Court of Cook County, Illinois for lack of

subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), state as follows:

**I.     SUMMARY OF ARGUMENT**

This Court should grant Plaintiffs' Second Motion to Remand because Plaintiffs'

Amended Complaint solely contains state law claims, requests remedies for violations of state

law, and does not involve the interpretation of federal law.  Accordingly, this Court lacks subject

matter jurisdiction over Plaintiffs' claims and this matter should be remanded to the Circuit

Court of Cook County, Illinois for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## II.   FACTUAL ALLEGATIONS AND BACKGROUND

In the fall of 1985, Richard E. Meyer, who was president of Red Label Records, had discussions with Plaintiff Gault to establish a song and music video to reflect on the success and popularity of the 1985 Chicago Bears. Plaintiff Gault approached other members of the 1985 Chicago Bears (collectively referred to as the "Shufflin' Crew") to secure their participation in the Super Bowl Shuffle song and video (hereinafter also referred to as the "Super Bowl Shuffle"). The Plaintiffs, along with other members of the 1985 Chicago Bears, agreed to sing and perform in the Super Bowl Shuffle. An important, and stated, objective of the Super Bowl Shuffle when it was produced in 1985 was to give-back to Chicago's neediest families.

To, among other things, reflect the limitations of the rights granted by the Shufflin' Crew to Red Label Records pertaining to their Personas or likenesses, and to further document the Super Bowl Shuffle's charitable objective, a Royalty Agreement was entered into and signed by Red Label Records in November 1985 in Illinois. Upon information and belief, Red Label Records' attorney drafted the Royalty Agreement.

On Tuesday, December 3, 1985, the Shufflin' Crew recorded the video for the Super Bowl Shuffle. Upon information and belief, after December 1985 and through the present, Defendants received revenues and other financial benefits relating to the Super Bowl Shuffle and/or otherwise. The Shufflin' Crew recently discovered that on or about September 15, 1986 and without the Shufflin' Crew members' consent, Red Label Records authorized Richard E. Meyer, individually, to use the Shufflin' Crew members' Personas for commercial purposes.

Since Red Label Records could not have authorized Richard E. Meyer, individually, to use the Shufflin' Crew members' Personas without the Shufflin' Crew members' consent, Richard E. Meyer could not have authorized Defendant Meyer to use the Shufflin' Crew members' Personas without the Shufflin' Crew's consent. The Shufflin' Crew never gave Defendants, directly or indirectly, permission to use their Personas.

After September 15, 1986 and through the present, Defendants held themselves out as if they had an affiliation with or authorization from the Shuffin' Crew to use the Shufflin' Crew members' Personas even though Defendants did not have and do not have the Shufflin' Crew members' permission to do so. Upon information and belief, after September 15, 1986 and through the present, by misrepresenting their relationship with the Shufflin' Crew, Defendants received revenues and other financial benefits relating to Defendants' unauthorized use of the Shufflin' Crew members' Personas.

Despite repeated requests, Defendants continually failed or refused to account to the Shufflin' Crew for all financial benefits Defendants derived as a result of Defendants' unauthorized use of the Shufflin' Crew members' Personas. Despite repeated requests, Defendants continually failed or refused to inform the Shufflin' Crew of all revenues and financial benefits derived from Defendants' unauthorized use of the Shufflin' Crew members' Personas. Since Defendants were not, and are not, authorized to use the Shufflin' Crew members' Personas for commercial purposes without the Shufflin' Crew members' consent, any such benefits derived by Defendants were improperly gained.

On November 28, 2014, Plaintiffs filed their Amended Complaint, which included counts for unjust enrichment, constructive trust, accounting, and for violation of the Illinois Right of Publicity Act (765 ILCS 1075 *et seq*.). All of the counts included in Plaintiffs'

Amended Complaint are state law claims, seek remedies for violations of state law, and do not involve the interpretation of federal law.

## III.  LEGAL STANDARD FOR REMAND

Pursuant to 28 U.S.C. § 1447(c), "…[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See Matter of Amoco Petroleum Additives Co*., 964 F.2d 706, 708 (7th Cir. 1992); *BEM I L.L.C., v. Anthropologie, Inc*., 301 F.3d 548, 551 (7th Cir. 2002).

## IV.  ARGUMENT

**1.  This Court Lacks Subject Matter Jurisdiction Over the Claims Set Forth in Plaintiffs' Amended Complaint.**

In Plaintiffs' Amended Complaint, Plaintiffs allege counts for unjust enrichment, constructive trust, accounting, and for violation of the Illinois Right of Publicity Act (765 ILCS 1075 *et seq*.).  The Amended Complaint does not contain counts for declaratory judgment and conversion, which were included in Plaintiffs' original Complaint.  As set forth in the Court's Memorandum Opinion and Order dated October 28, 2014, the Court found that the counts for declaratory judgment and conversion in the original Complaint were preempted by the Copyright Act, and, therefore, the Court would have jurisdiction over such counts.  However, the Court also found that the counts for unjust enrichment, constructive trust and accounting were *not preempted* by the Copyright Act.  (Emphasis Added).  The Court concluded that such counts involved state law claims and did not require interpreting federal law.  The Court went on to state:

> …Plaintiffs may sue Defendants for unjust enrichment by alleging that Defendants held themselves out as if they had an affiliation with or authorization from the Shufflin' Crew, even though any affiliation ended no later than 1989 when the Royalty Agreement expired.  If Defendants were unjustly enriched by misrepresenting their relationship with the Shufflin' Crew, that could support requiring an accounting by Defendants, and any

ill-gotten proceeds could be ordered to be put in a constructive trust.  Claims of this nature would not turn on any interpretation of the validity or ownership of the underlying copyrights; they would concern only the relationship between the parties.  Counts 1 [Constructive Trust], 5 [Unjust Enrichment], and 6 [Accounting] of Plaintiffs' complaint are therefore not preempted by the Copyright Act.  *See Page 13 of the Memorandum Opinion and Order dated October 28, 2014.*

For their Amended Complaint, Plaintiffs decided to not proceed with the counts for declaratory judgment and conversion, which the Court found were preempted by federal law. Instead, in accordance with the Court's October 28, 2014 Memorandum Opinion and Order, Plaintiffs elected to proceed with and amend their counts for unjust enrichment, constructive trust, and accounting.

In amending such counts to be consistent with the October 28, 2014 Memorandum Opinion and Order, the Plaintiffs' Amended Complaint specifically included the allegations the Court noted were important to allege state law claims [set forth in the above-quoted language from the Court's Opinion] and which did not implicate the Copyright Act.  *See ¶¶ 23-27, 29-32, 34-37, and 39-45 of Plaintiffs' Amended Complaint.*  In addition, Plaintiffs included a count in their Amended Complaint for violation of the Illinois Right of Publicity Act (765 ILCS 1075 *et seq*.).

The claims in Plaintiffs' Amended Complaint focus on challenging Defendants' unauthorized use of the Shufflin' Crew members' Personas.  In referencing the *Toney v. L'Oreal* decision, this Court noted that Toney's complaint was not preempted by the Copyright Act because the complaint sought to protect Toney's identity, not any particular embodiment of that identity.  *See Page 9 of the Memorandum Opinion and Order dated October 28, 2014 (citing Toney v. L'Oreal USA, Inc., 406 F.3d 905, 908-09 (7th Cir. 2005)).*

Plaintiffs' Amended Compliant, like the complaint in *Toney*, seeks to protect the use of the Shufflin' Crew members' Personas and seeks recovery against Defendants for their unauthorized use of the Shufflin' Crew members' Personas. *See ¶¶ 1, 12, 16, 19-27, 29, 34, 39-45, and 47-51 of Plaintiffs' Amended Complaint* (containing allegations pertaining to the Shufflin' Crew members' Personas). Therefore, this Court's rationale regarding why Toney's Complaint was not preempted by the Copyright Act would similarly also apply to the claims alleged in Plaintiffs' Amended Complaint. Since Plaintiffs' Personas could never be copyrightable, the Copyright Act is inapplicable, thereby removing any basis for federal court jurisdiction over Plaintiffs' claims. As the Seventh Circuit noted in *Toney*:

> The IRPA [Illinois Right of Publicity Act] states that a person's "identity" is protected by the statute. Identity is defined to mean "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS 1075/5. In short, the IRPA protects a person's right to publicity. The subject matter of such a claim "is *not* a particular picture or photograph of plaintiff. Rather, what is protected by the right of publicity is the very identity or persona of the plaintiff as a human being." J. Thomas McCarthy, 2 Rts. Of Publicity & Privacy § 11:52 (2d ed.2004) (emphasis in original) (internal citations and quotations omitted). A photograph "is merely one copyrightable 'expression' of the underlying 'work,' which is the plaintiff as a human being. There is only one underlying 'persona' of a person protected by the right of publicity." *Id.* In contrast, "[t]here may be dozens or hundreds of photographs which fix certain moments in that person's life. Copyright in each of these photographs might be separately owned by dozens or hundreds of photographers." *Id.* A persona, defined in this way, "can hardly be said to constitute a 'writing' of an 'author' within the meaning of the copyright clause of the Constitution." *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1003–04 (9th Cir.2001) (quotation omitted); *see also Landham v. Lewis Galoob Toys, Inc.,* 227 F.3d 619, 623 (6th Cir.2000); *Brown v. Ames,* 201 F.3d 654, 658 (5th Cir.2000).

*Toney*, 406 F.3d at 908-09.

*Toney* makes clear that claims based upon the use of an individual's identity or persona *cannot* fall within the scope of the Copyright Act. Accordingly, Plaintiffs' claims, which are based upon the unauthorized use of the Shufflin' Crew members' Personas, cannot fall within the scope of the Copyright Act, and, thus, do not implicate federal law.

6

## V.     CONCLUSION

Plaintiffs' Amended Complaint solely contains claims and requests for remedies based on state law.  Such claims do not rely on any interpretation of the validity or ownership of the underlying copyrights and only concern the relationship between the parties.  Further, none of the counts require the interpretation of federal law.  Accordingly, this Court lacks subject matter jurisdiction and this Court should remand the matter back to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE**, in light of the foregoing, Plaintiffs respectfully request that this Honorable Court remand this case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c), and for such other and further relief deemed just and appropriate.

Dated:   December 2, 2014                              Respectfully Submitted,


                                                       By: /s/ Walid J. Tamari____
                                                            Attorney for Plaintiffs

Walid J. Tamari (Attorney No. 6270706)
TAMARI LAW GROUP, LLC
Attorneys for Plaintiffs
55 W. Monroe Street, Suite 2370
Chicago, Illinois 60603
Tel: (312) 368-5000
wtamari@tamarilaw.com