**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD DENT, STEVE FULLER WILLE GAULT, JIM MCMAHON, MIKE RICHARDSON, and OTIS WILSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 02999 |
| v. | ) ) | Judge Edmond E. Chang |
| RENAISSANCE MARKETING CORPORATION and JULIA MEYER, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After winning the Super Bowl in 1985, the Chicago Bears recorded the Super Bowl Shuffle. This case—brought by six members of the Shufflin' Crew—is, in large part, about the alleged mishandling of the Shuffle as an asset. The Crew sued Renaissance Marketing Corporation and Julia Meyer, currently the Shuffle's owners, in state court. Meyer removed, but two motions to remand later, the case was remanded to state court. This Order addresses Meyer's motion for attorneys' fees, R. 104,[1] which will be denied for the reasons explained below.

**I. Background**

Richard Dent, Steve Fuller, Willie Gault, Jim McMahon, Mike Richardson, and Otis Wilson won the Super Bowl with the Chicago Bears in 1985. R. 52, Am. Compl. ¶¶ 2-7. After the victory, Richard Meyer, then president of Red Label

---

[1] Citations to the record are "R." followed by the page or paragraph number. District Courts have subject-matter jurisdiction over fee petitions that come, as this one does, after the grant of a motion to remand. *See Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000) (collecting cases).

Records, approached Gault about recording a song and music video to celebrate. *Id.* ¶ 10. Gault and his teammates, working with Richard, recorded the Super Bowl Shuffle. Years later, Meyer's widow, Julia Meyer, effectively controls the Shuffle through her corporate entity, Renaissance Marketing Corporation. *Id.* ¶¶ 8-9.

Just before the Shuffle's 30th anniversary, Dent, Fuller, Gault, McMahon, Richardson, and Wilson sued Meyer and Renaissance in Illinois state court. R. 1-1, Compl. Unhappy with Meyer's Shuffle stewardship, the Shufflin' Crew brought six state-law claims. *Id.* Although none were explicitly copyright claims, Meyer removed the case, arguing that the Crew's claims were completely preempted by § 301(a) of the Copyright Act, and thus the claims really arose under federal law within the meaning of 28 U.S.C. § 1331. R. 1, Notice of Removal ¶¶ 5-9. Meyer also filed a motion to dismiss. R. 13, Mot. Dismiss. The motion argued § 301(a)'s preemptive effect not only gave rise to federal-question jurisdiction, but also defeated the Crew's claims. *Id.* ¶ 2 ("Each of the state law claims in the Complaint is preempted by the Copyright Act … .").

The motion to dismiss was not decided on the merits because the Crew right away challenged Meyer's § 301-based jurisdictional theory, so the Court denied the motion to dismiss "without prejudice as premature, in light of the anticipated motion to remand and the threshold question of subject-matter jurisdiction." R. 13, Minute Entry. The Crew filed its remand motion, which the Court denied because three of the Crew's six claims were, in fact, preempted under § 301. R. 36, First Remand Order at 16. In response, the Crew sought—and obtained—leave to amend

their complaint. R. 39, Minute Entry; R. 59, 10/29/14 Hrg. Trans. 2:9-3:21. At the same time, Meyer asked that her terminated motion to dismiss be reinstated, *id.* 2:9-3:21, but the Court decided that the better course would be for Meyer to file a new motion after the amended complaint was filed. *Id.* When the amended complaint came in, it omitted the three claims that the Court had found preempted by § 301. Am. Compl.

After filing the amended complaint, the Crew filed a second motion to remand. R. 53, Second Mot. to Remand. The Court granted the motion on the grounds that with the federal-law claims removed, it was best to relinquish jurisdiction over the state-law claims. R. 102, Second Remand Order, and entered judgment, R. 103, Judgment. Meyer then petitioned the Court to award her a reasonable attorneys' fee under § 505 of the Copyright Act. R. 104, Fee Petition.

## II. Analysis

The Copyright Act provides for fee-shifting: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party … . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The statutory text puts three hurdles on Meyer's path to fees. First, she must show that this is a "civil action under this title" even though none of the claims were, on their face, copyright infringement claims. Second, she must show that she is a "prevailing party." And finally, Meyer must convince the Court to exercise its statutory discretion in her favor.

## A. "Action Under This Title"

Meyer relies only on § 505 to support the claim for fees. But that section only applies if this case is a "civil action under" Title 17 of the United States Code, commonly referred to as the Copyright Act. Meyer loses on this point because she failed to argue it. Her first brief skips the applicability issue entirely. The Crew brought it up in response (although the Crew too placed the argument in the section of the response brief dealing with discretion), arguing that state-law preemption cases like these do not trigger federal fee-shifting statutes. R. 112, Crew's Resp. Br. at 11 (citing *Gage E. Servs. v. Angelvision Tech*, 2013 WL 5738998, at *1 (D.S.D. Oct. 22, 2013) ("Because the action was brought under state law and not § 7704 of CAN-SPAM, an award of attorneys' fees is not authorized.")). So Meyer should have attacked the point in the reply brief,[2] as well as in the opening brief, because whether this action arises under the Copyright is a threshold issue.

But she did not. Instead, Meyer's briefing just cites a few cases about discretion to award fees under § 505. R. 113, Meyer's Reply Br. at 7. But those cases—and the discretion issue generally—are irrelevant unless and until it is decided that § 505 actually applies; that is, that "the action" is "under" the Copyright Act. That is what Meyer needed—but failed—to address. Given the Crew's response brief, which raised the issue and cited the *Gage E. Services* case, an undeveloped argument on this point should be deemed waived. *See Mahaffey v.*

---

[2]In a docket entry, the Court did allow the defense to skip, in its reply brief, addressing whether to extend the time to appeal, *see* R. 111, because the Court entered a Rule 58(e) finding that automatically postponed the time to appeal until the resolution of the fee motion. But the Court did not otherwise constrain the defense in what it should discuss in the reply brief.

*Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.")

It is worth noting that had Meyer developed an argument on the issue, she might have won (though just on this issue, and not on the ultimate question of whether to grant fees, as explained later in the Order). In a materially identical case, the Fourth Circuit squarely sided with Meyer: "[W]e conclude that when § 301(a) completely preempts a state-law claim, it becomes a federal claim under Title 17." *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 233 (4th Cir. 1993). Other circuits dealing with similar issues under other federal statutes also side with Meyer. *E.g.*, *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1329 (8th Cir. 1995) (ERISA). It might also have been possible to distinguish the district-court decision cited by the Crew. The fee-shifting provision in *Gage E. Services* and the fee-shifting provision in § 505 are subtly, but perhaps materially, different. The fee-shifting statute in *Gage* required the action to have been "'*brought* pursuant'" to the federal statute at issue in that case. 2013 WL 5738998, at *1 (emphasis added) (quoting 15 U.S.C. § 7706(g)(4)). Section 505 omits the phrase "brought pursuant," referring only to "an action under." *Gage* reasonably concluded that a state-law claim, even if held preempted, was not "brought" under federal law—it was, in other words, brought pursuant to state law and then transformed by preemption. That reasoning does not necessarily apply to § 505, since its text does not require that the case be "brought" pursuant to the Copyright Act. But there is no further adversarial presentation on the issue, in part because Meyer did not raise the issue at all in the

5

opening brief, and in part because she later did not discuss it in the reply brief, so the Court will not definitively decide the issue.

### B. Prevailing Party

Had Meyer convinced the Court that this was an action under the Copyright Act, her next challenge would have been to prove herself the "prevailing party." "[A] prevailing party is one who has been awarded some relief by a court, as through an enforceable judgment on the merits or a court-ordered consent decree." *Petersen v. Gibson*, 372 F.3d 862, 865 (7th Cir. 2004) (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603-04 (2001)). Here, Meyer is not a prevailing party because she obtained no qualifying relief—she did not obtain an enforceable judgment on the merits or a court-ordered consent decree.

Meyer argues that the chain of events and consequences flowing from the Court's remand orders makes her a prevailing party. Remember that the Court denied the first remand motion because federal-question jurisdiction was present because § 301 so preempted three of the Crew's state-law claims that they were, in fact, claims arising under federal law. That jurisdictional-preemption holding, if extended to the merits context, would likely have required dismissal of those three claims with prejudice. (That is exactly what Meyer argued in her never-decided motion to dismiss.) But, before any merits ruling came down, the Crew voluntarily dismissed the three claims by amending their complaint to drop them. *See, e.g.*, *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 444 (4th

6

Cir. 2011) (treating amendment that dropped claims as voluntary dismissal without prejudice and denying defendant prevailing party status based on that dismissal). Based on these events, Meyer contends that she is a prevailing party.

The contention is wrong. First, it is now well established that a dismissal without prejudice does not a prevailing party make. *Jeroski v. Fed. Mine Sfty. & Health Rev. Comm'n*, 697 F.3d 651, 654 (7th Cir. 2012). But a dismissal without prejudice is all that Meyer has, and it makes no difference that her victory on the first remand motion compelled the dismissal. As odd as it may seem to withhold the "prevailing party" label from a party that forces its opponent to capitulate, doing so is exactly what *Buckhannon* commands: "Numerous federal statutes allow courts to award attorney's fees and costs to the 'prevailing party.' … [T]his term [does not] include[] a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 600. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605. By extension here, where there is no judgment on the merits, Meyer forcing the Crew to voluntarily dismiss three claims does not make her the prevailing party.

Meyer's principal cases do not say otherwise. Meyer relies on *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir. 2008), and *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). Both are

7

distinguishable because both involved dismissals with prejudice. *Mostly Memories*, 526 F.3d at 1096; *Riviera Distributors*, 517 F.3d at 927. So Meyer's cases are on one side of *Buckhannon* and this case is on the other. It makes no difference that the plaintiffs in both cases, like the Crew here, voluntarily dismissed their own claims. One can voluntarily dismiss a claim with or without prejudice. The Crew went without; the plaintiffs in Meyer's cases went with. The difference is key: a with-prejudice dismissal is an adjudication on the merits, whereas a without-prejudice dismissal is not.[3]

### C. Discretion

Finally, had Meyer successfully argued that this was an "action under" the Copyright Act and that she was the prevailing party, then her last hurdle would be convincing the Court to exercise its discretion in her favor. Section 505 gives Courts discretion to deny a prevailing party fees, though there is a "strong presumption in favor" of fees when the prevailing party is a defendant. *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011). But a strong presumption is not a conclusive one, and there are many factors the Court may consider, of which the "[t]wo most important … are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Assessment Technologies of*

---

[3] It is worth noting again that Meyer did not cite or argue a line of Seventh Circuit authority that conceivably supports her position. In *Palmetto Properties v. County of DuPage*, the Seventh Circuit conferred prevailing-party status on a litigant who obtained neither a final judgment on the merits nor a consent decree. *Palmetto Properties, Inc. v. Cnty. of DuPage*, 375 F.3d 542, 549-50 (7th Cir. 2004). It is true, however, that later decisions have been reluctant to rely on *Palmetto*. *See Zessar v. Keith*, 536 F.3d 788, 796-97 (7th Cir. 2008). The Court takes no position on whether Meyer could have succeeded under *Palmetto*.

8

*WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004). These two factors cut against Meyer's fee request.

As to relief, Meyer has technically received none because not a single claim has been dismissed with prejudice. The three preempted claims were dismissed without prejudice so, theoretically, the Crew could re-plead them to try to navigate around the Copyright Act. More importantly, the Crew can likely still obtain most, if not all, of what they really want in this case by pursuing their other claims in state court. If the Crew has a winning case under the state-law claims, they will get the retrospective monetary relief that they believe Meyer had failed to pay, and they will get the prospective injunctive relief as to future payments and future bans on using each Crew member's persona without authorization. This is true even under the original state-law claims for unjust enrichment, constructive trust, and accounting, and remains true under the state-law claims in the currently operative amended complaint. As for the strength of Meyer's case, it is too early to tell. All the litigation thus far has centered on subject-matter jurisdiction.[4] And although Meyer won the first jurisdictional battle, she lost the war. Under these—at best ambiguous—circumstances, even if Meyer were a prevailing party, the Court would decline to grant fees.

---

[4]As the Court has expressed to the parties earlier in the case, it really is in everyone's interest—now including the attorneys for both sides, not just the parties—to resolve the case so that everyone can make the best and highest use of the Super Bowl Shuffle.

9

## III. Conclusion

For the reasons discussed above, Meyer's fee petition, R. 104, is denied.

ENTERED:

<u>     s/Edmond E. Chang     </u>
Honorable Edmond E. Chang
United States District Judge

DATE: October 19, 2015